In re Sally Ann HARRY, Debtor.

Bankruptcy No. 89–01785–BKC–DPM.
Motion Nos. 01 and L1.

United States Bankruptcy Court,
E.D. Missouri,
E.D.

Jan. 9, 1992.

Barbara Kemery, Clayton, Mo., for debtor.

David R. Spitznagel, St. Louis, Mo., for Jerry Harry.

A. Thomas DeWoskin, St. Louis, Mo., trustee.

James S. Cole, St. Louis, Mo., Asst. U.S. Trustee.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### JURISDICTION

This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(G) AND (K), which the Court may hear and determine.

### PROCEDURAL BACKGROUND

The Debtor, Sally Ann Harry, filed her Petition for relief under Chapter 7 of Title 11 U.S.C. on May 3, 1989. The Debtor's former husband, Jerry D. Harry, filed Motion 01, Motion For Relief From The Automatic Stay, Or, In The Alternative, For Adequate Protection, seeking an Order to:

    1. terminate the stay to permit the Movant to execute on his Jefferson County Circuit Court judgment, by having a Sheriff's sale of the property located at 4905 Old Lemay Ferry Road, Jefferson County, Missouri and a lot at Clearwater

Lake, Reynolds County, in order to enforce his judgment lien, and

2. permit the movant to proceed against the Debtor to recover personal property, pursuant to a decree of Dissolution of Marriage.

The Debtor filed Motion L1, Motion To Avoid Lien seeking an Order pursuant to 11 U.S.C. § 522(e) and (f) to avoid a Judicial Lien that was created by the Decree of Dissolution of Marriage of the debtor and Jerry D. Harry. At the conclusion of the hearing on Motion 01 the parties agreed to submit Motion L1 on the testimony and record that was adduced during the hearing of Motion 01.

FINDINGS OF FACT

Upon consideration of the testimony, record and argument of counsel the Court finds that:

1. Debtor and Jerry were married on April 27, 1963 and their marriage was dissolved on June 29, 1986, prior to the filing of the current bankruptcy case.

2. On June 30, 1986, the Circuit Court of Jefferson County, Missouri, entered its Decree dissolving the marriage of Debtor, Petitioner, and Jerry Harry, Respondent. That court amended its initial order regarding the division of marital property on July 2, 1986. The Order of June 30 awarded the primary care and custody of the two minor children, Ricky, born October 17, 1966 and Robert, born January 5, 1969 to Sally Ann Harry and required Jerry Harry to pay monthly child support of $167.50 per child, for a total of $335.00 per month. Jerry admitted that he has not paid any of the court ordered child support. The Decree further provided on page 2:

"The Court awards the following items of property to the petitioner: the parties' interest in the club house at Clear Water Lake, the real estate at 4901 Old Lemay Ferry Road and the real estate at 4905 Old Lemay Ferry Road including the business known as Sally's place. In addition petitioner is awarded the 1979 T–Bird, the 1976 Pontiac, all household goods and her jewelry in her possession, her life insurance, her coin collection and she is to have the first choice on one big safe and one little safe and is also to have the bass boat. The Court awards to the respondent: the tractor, the 1955 T–Bird, the 12 gauge Browning, the Stevens rifle, the 12 gauge model Winchester, the Browning 25 automatic, his tennis racket/hand ball equipment and bag, he is to have second choice on the big and little safe, his personal papers, the window air conditioner from Sally's Bar, the 1974 Plymouth, his cutting torch and hand tools, still at the marital home, the Knights of Columbus 4th Degree sword, a switch blade knife and two Samari swords along with one-half of the mirrors with special sayings at Sally's."

On July 29, 1986 the Jefferson County Circuit Court amended its original Order by setting aside Paragraph 1 of Page 3 of its June 30 Order by substituting the following language:

"The Court finds that the value of the marital home at 4901 Lemay Ferry Road to be $55,000.00, finds the value of the business and real estate known as Sally's Place at $95,000.00 and finds the value of their real estate interest at Clearwater to be $4,000.00. The Court has considered the equity of the situation, the factors set forth in the Statutes for the division of marital property and the reasonable collectability and divisionability of the property. Accordingly, the Court orders the petitioner to pay the $9,800.00 note to S.B.A., the approximate $22,900.00 note to the Schwalberts, the $10,000.00 note to Harold and Alma Paul and the $32,-000.00 note to Art and Lena Cox and to hold respondent harmless. The respondent is ordered to pay the $26,250.00 Koller note and to hold petitioner harmless.

"Taking into consideration the total value of the real estate interest awarded to petitioner of $154,000.00 and the approximate debt to be assumed thereon by petitioner, the Court finds an equity of $78,-300.00. The court enters judgment in favor of respondent and against petitioner in the sum of $39,150.00 which represents his equity in the real estate. Execution shall be stayed on the judgment

for one year from the date of this Order conditioned upon petitioner paying respondent the sum of $250.00 on the 1st of each month. One year from the date of this order, the entire remaining principal shall become due.[1]

"The Court awards to respondent whatever interest the parties have in the 1955 T–Bird automobile." [2]

Thus the Missouri Circuit Court divided their property by allowing Sally to keep the real estate as her half of the property settlement and awarded Jerry the judgment of $39,150.00 as his half of the property settlement.

3. Debtor has previously given Jerry several items of the listed personal property including the tractor, the 12 gauge Browning shotgun, the Stevens shotgun, tennis racket, two safes, his personal papers, the 1974 Plymouth, part of his hand tools, and 13 mirrors. However, Jerry has not received nor seen the remaining items of personal property including: his handball equipment and bag, the balance of his hand tools and personal papers, and twelve additional mirrors [3], since he and Debtor separated during the summer of 1985. Debtor does not have the remaining items, she does not know where they are, and she has offered him other items as substitutes.

4. After the dissolution, debtor sold her personal property and household goods. Jerry executed against the proceeds of that sale and received $1,742.00, in partial satisfaction of the judgment.

5. Jerry also executed on the residence of the debtor located at 4901 Lemay Ferry Road. On September 22, 1988, by virtue of the general execution and notice, the Sheriff of Jefferson County sold the residence to Jerry, the sole bidder at a sale on the court house steps, for $9,012.17, which consisted of $100.00 for the property, $912.17 for the sheriff's expenses and $8,000.00 for Sally's homestead rights. Jerry took title

to the home subject to two notes and deeds of trust, one held by SBA and another held by Leonard and Dorothy Schwalbert.[4] At the time of the dissolution, July 29, 1986, the Jefferson County Circuit Court found that the outstanding balance on the note to the Schwalberts was $22,900.00 and the balance on the note to the Small Business Administration was $9,800.00. However, Jerry testified that Sally had never paid her parents on their note and therefore as of September 22, 1988, the debt to the Schwalberts was between $30,000.00 and $36,000.00 while the SBA was owed over $6,000.00. Shortly thereafter Jerry tendered approximately $24,000.00 to the Schwalberts in payment of their note, but they refused to accept the payment.

After the Sheriff's Deed was issued and Jerry took title to the home, he entered into a contract with Mark Williams to sell it to Atlantic Investments, Inc. (Atlantic) for $78,000.00. Subsequently, Jerry executed a general warranty deed dated November 1, 1988, to Atlantic. That deed was filed for record in Jefferson County, Missouri, on November 17, 1988 in Book 412, Page 2129. In addition, Atlantic was to assume the first two mortgages that were recorded against the residence. Jerry testified that although he signed various documents to transfer the property to Atlantic, the Schwalberts foreclosed on the property before the sale to Atlantic was completed. Apparently, Mark Williams actually gained title to the residence by paying approximately $36,000.00 at the Schwalberts' foreclosure.

Although both parties were uncertain as to the details of these various transactions, the debtor did not offer any evidence to show that Jerry received any money and in fact it appears certain that he did not receive any funds from the execution on the residence, the purchase by Atlantic Invest-

---

1. Sally admitted she never paid the respondent the required $250.00 per month.

2. Debtor and Jerry transferred the title and possession for the 1955 Thunderbird to her parents during their marriage.

3. Jerry asserts there were originally 50 mirrors to be divided equally. Sally claims the missing twenty four mirrors were either broken or stolen.

4. Leonard and Dorothy Schwalbert are the parents of Sally Ann Harry.

ments, Inc. or the foreclosure by the Schwalberts that could be applied to the judgment.

6. As previously noted Sally, in addition to the residence, was awarded the real estate located at 4905 Old Lemay Ferry Road, including the business known as Sally's Place, which the Dissolution Court valued at $95,000.00. Sally testified the property is worth $40,000.00. Jerry attempted an execution sale against the 4905 Old Lemay Ferry Road property in an effort to satisfy his judgment. The Sheriff's sale was held on February 1, 1989 and Jerry was the sole bidder at $38,000.00. Jerry tendered to the Sheriff the sum of $1,800.00 for "cost expenses and commission of sale." It was later determined that the total cost was $1,879.60. As a result the Sheriff demanded that Jerry pay the additional cash sum of $79.60, but he refused to pay. The Sheriff then filed a motion with the state court for instructions as to whether or not to Execute a Deed upon sale under Execution in favor of Jerry and whether to credit the judgment in favor of Jerry against Sally in the amount of $32,000.00. There was no evidence introduced to indicate how the court ruled on the Sheriff's Motion. However, the parties agreed that Jerry did not obtain the property at 4905 Old Lemay Ferry Road. This property is subject to two notes and deeds of trust—one to Alma Paul for $29,532.41, and one to Lena Cox and Jody Cox for $10,088.00.

7. Debtor twice listed her former husband, Jerry D. Harry, among her creditors. The first listing in the amount of $47,371.58, described as "Incurred 7/29/86 for property settlement in dissolution of marriage," was not disputed. The second listing, described as $480,000.00 from a pending lawsuit, was disputed as unliquidated,

8. The Debtor listed as an asset $7,537.50 of past-due child support owed by Jerry to the Debtor. The Debtor asserts that the unpaid child support consists of seventeen months for both sons and an additional eleven months for Robert. The Debtor did not claim the delinquent child support as an exempt property asset. Mr.

Harry admitted he had never paid child support but challenged the amount that was due. He testified that his sons were emancipated due to the fact that they were working full-time. Ricky began working full-time in January or February, 1987 for Don Siding Co. and Robert started working the summer of 1987 for a siding and roofing company. As a result of this employment Jerry asserts he owes child support of one year for Robert and six to seven months for Ricky; for a total between $3,015.00 and $3,182.50. Upon consideration of the testimony the Court finds that due to the emancipation of the two sons Jerry Harry's remaining obligation for child support is $3,182.50.

9. After the dissolution, Jerry and Debtor agreed to sell and equally divide the proceeds of some jointly-held stock. When Jerry received the check for $1,800.00 from the sale of the stock, Sally endorsed the check and gave it to Jerry who cashed the check and kept all of the money. Sally never received the $900.00.

10. The Dissolution Court awarded the club house at Clearwater Lake to the Debtor and found the value to be $4,000.00. The Debtor claims the fair market value of this property is $1,000.00.

11. On January 30, 1987, Movant was convicted of felony tax fraud in the Eastern District of Missouri. Movant and Debtor were jointly liable for the taxes which were the subject of that conviction and Debtor has listed them in her schedules.

DISCUSSION

▮ The Debtor contends that the $39,150.00 judgment is a judicial lien and thus subject to avoidance pursuant to 11 U.S.C. § 522(f)(1) to the extent that it impairs an exemption to which the debtor would be entitled under Missouri exemption statutes. She seeks to exempt the judgment to the extent it impairs her exemptions: $379.17 on the non-residential real estate located at 4905 Old Lemay Ferry Road pursuant to Mo.Rev.Stat. § 513.430(3); $20.83 on the Clear Water Lake property pursuant to Mo.Rev.Stat. § 513.430(3), and $850.00 on the Clear Water Lake Property pursuant to

Mo.Rev.Stat. § 513.440.[5] Thus the initial issue presented in this case is whether § 522(f)(1) permits the Debtor to avoid the fixing of Jerry Harry's lien on the property interest that the Debtor obtained in the Dissolution Decree. This issue was essentially resolved by the Supreme Court in *Farrey v. Sanderfoot,* —— U.S. ——, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991).

The facts in the *Sanderfoot* case are very similar to the present case. In the divorce between Farrey and Sanderfoot the Wisconsin court awarded each one-half of their marital estate. In order to achieve a one-half distribution the court awarded Farrey's interest in the family home and real estate to Sanderfoot and ordered him to make payments to Farrey to equalize their net marital assets. The court further granted Farrey a lien against Sanderfoot's real property. Sanderfoot failed to pay Farrey and subsequently filed bankruptcy, listing the marital home and real estate as exempt homestead property. The Bankruptcy Court denied his motion to avoid Farrey's lien pursuant to 11 U.S.C. § 522(f)(1), which provides in relevant part:

> "Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
> "(1) a judicial lien...."

In both the instant and the *Sanderfoot* cases the critical language of § 522(f)(1) states that "the debtor may avoid the fixing of a lien on an interest in ... property." (emphasis added) The Supreme Court concluded this phrase should be read:

> "... as permitting the avoidance of a lien only where the lien attached to the debtor's interest at some point after the debt-

or obtained the interest.... Therefore, unless the debtor had the property interest to which the lien attached at some point *before* the lien attached to that interest, he or she cannot avoid the fixing of the lien under the terms of § 522(f)(1)." See *Farrey v. Sanderfoot,* —— U.S. ——, 111 S.Ct. 1825, 1828, 1829, 114 L.Ed.2d 337 (1991).

The parties in the *Sanderfoot* case agreed that prior to the divorce judgment they held title to the real estate in joint tenancy, each possessing an undivided one-half interest and that the divorce decree extinguished these previous interests, while at the same time and in the same transaction created new interests in place of the joint tenancy. That is, when Sanderfoot received ownership of the house and real estate in fee simple, Farrey simultaneously obtained various assets and a debt secured by a lien on Sanderfoot's new fee simple interest. Thus the lien could not have "fixed" on Sanderfoot's pre-divorce undivided half interest because the divorce decree extinguished that interest; nor, could the newly created lien have "fixed" since Sanderfoot never possessed his new fee simple interest before the lien was created. The Supreme Court concluded, "We hold that § 522(f)(1) of the Bankruptcy Code requires a debtor to have possessed an interest to which a lien attached, before it attached, to avoid the fixing of the lien on that interest." See *id.* 111 S.Ct. at 1831.

As previously noted, the facts in the present case are nearly identical to those found in *Sanderfoot.* The Circuit Court of Jefferson County, Missouri divided the marital property by vesting fee simple title in the hands of Sally Ann Harry to all of their real estate. At the same time, and in the same proceedings and Decree, the court awarded Jerry Harry, "... judgment ...

---

**5.** Mo.Rev.Stat. § 513.430(3) provides: **"Property exempt from attachment and execution.—** The following property shall be exempt from attachment and execution to the extent of any person"s interest therein:

(3) Any other property of any kind, not to exceed in value four hundred dollars in the aggregate;"

Mo.Rev.Stat. § 513.440 provides: **"Other property exempt—provisions—exceptions.—**

Each head of a family may select and hold, exempt from execution, any other property, real, personal or mixed, or debts and wages, not exceeding in value the amount of eight hundred fifty dollars plus two hundred fifty dollars for each of such person's unmarried dependent children under the age of eighteen years, except ten percent of any debt, income, salary or wages due such head of a family."

against petitioner in the sum of $39,150.00 which represents his equity in the real estate." Thus the Dissolution Decree entered by the Missouri Circuit Court extinguished whatever interest Sally and Jerry Harry had in the real estate. The debtor's new fee simple interest did not exist prior to the entry of the judgment and therefore the Debtor's Motion To Avoid Liens must be denied. The Debtor could avoid the "fixing" of Jerry Harry's lien only if Sally Harry had the property interest to which the lien attached at some point *before* the lien attached to that interest. Under these circumstances she cannot avoid the fixing of the lien under the terms of § 522(f)(1) and the Debtor's Motion To Avoid Lien must be denied.

■ The second question that must be resolved is whether the $39,150.00 judgment has already been satisfied. It is unfortunate that neither Sally Ann Harry, nor Jerry David Harry were able to testify as to exact dates and dollar amounts involved in the various transactions that have occurred in this case. We know that on July 29, 1986 the Circuit Court for Jefferson County, Missouri entered judgment in favor of Jerry and against Sally in the sum of $39,150.00. Missouri Revised Statutes § 408.040 provides that nine percent per annum "Interest shall be allowed on all money due upon any judgment or order of any court from the day of the rendering the same until satisfaction be made by payment, accord or sale of property ..." Jerry acknowledged that the judgment was partially satisfied when he received $1,742.00 from the execution on the sale of her personal property and he kept her $900.00 from the sale of their stock, but since the record is unclear or silent as to when these partial satisfactions were made it is impossible to calculate the nine percent interest that is due and therefore, equally impossible to determine the exact amount due and owing on the judgment.

Even if one does not take into consideration the interest Jerry is entitled to receive, it is clear that he has not collected a sufficient amount to satisfy his judgment:

| | |
|---|---|
| September 22, 1986 Judgment: | $39,150.00 |
| Less: | |
| Execution on personal property | − 1,742.00 |
| Sally's share of stock sale | − 900.00 |
| Unpaid Child Support | − 3,182.50 |
| Execution on residence, 9/22/88 | .00 |
| Unsatisfied Judgment: | $33,325.00 |

I reject the Debtor's argument that when Jerry purchased the residence at the sheriff's sale his judgment was fully satisfied because he gained a piece of real estate with equity in excess of $40,000.00. It is immaterial whether or not there was equity in the residence. There was no credible evidence offered to prove that Jerry Harry received any funds in satisfaction of his judgment from the sheriff's sale of the residence. To the contrary the evidence is uncontradicted that Jerry bid $9,012.17 and that sum yielded only $100.00 to pay the lienholders. In order for any funds to be available for even a partial satisfaction of judgment, it would be necessary for the bid to have been in excess of the sheriff's expenses, Sally's $8,000.00 homestead rights and the balance due on the liens held by SBA and the Schwalberts.

Accordingly, Jerry Harry's Motion For Relief From The Automatic Stay is granted. He is free to pursue the satisfaction of his judgment by executing on the property located at 4905 Old Lemay Ferry Road, Jefferson County, Missouri and the lot at Clearwater Lake, Reynolds County, Missouri. The stay is further modified to allow him to proceed against the Debtor, in state court, to recover any personal property that was awarded to him by the Circuit Court of Jefferson County in the Decree of Dissolution on June 30, 1986, as modified by that court on July 2, 1986.